**E-FILED**
Thursday, 07 March, 2013  04:11:52 PM
Clerk, U.S. District Court, ILCD

073146.0532(207)                              RMC:las

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **BRIAN R. BRADSHAW, MARNI BRADSHAW, LIQUID GOLD APPLICATORS, LLC, an Illinois limited liability company, and MARC RUMPLE as Administrator of the Estate of ERIC RUMPLE, Deceased,** | ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Now comes the Plaintiff, Indemnity Insurance Company of North America, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment and Other Relief against the Defendants, Brian R. Bradshaw, Marni Bradshaw, Liquid Gold Applicators, LLC, an Illinois limited liability company, and Marc Rumple as Administrator of the Estate of Eric Rumple, Deceased, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage and reimbursement of defense costs.

## VENUE

2.     Venue is premised upon 28 U.S.C. §1391 as the Defendants are residents of this District.

## THE PARTIES

3.      Indemnity Insurance Company of North America (hereinafter "IINA") is an insurance corporation organized under the laws of the State of New York, which maintains its principal place of business in Philadelphia, Pennsylvania, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.     Brian R. Bradshaw (hereinafter "Brian") is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

5.     Marni Bradshaw incorrectly sued as Marina Bradshaw (hereinafter "Marni") is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

6.     Liquid Gold Applicators, LLC (hereinafter "Liquid") is an Illinois limited liability company, which maintains its principal place of business in New Salem, Illinois. Brian is the member of Liquid.

7.     Marc Rumple as the Administrator of the Estate of Eric Rumple, Deceased (hereinafter "the underlying plaintiff") is the plaintiff in a certain action brought against

- 2 -

Brian, Marni and Liquid (and others) in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. IINA seeks no relief from the underlying plaintiff, who has been joined herein as a nominal party defendant solely in order to be bound by the judgment rendered in this cause. The underlying plaintiff is a resident of Pittsfield, Illinois and citizen of the State of Illinois, as was his decedent.

### THE IINA POLICY

8.     IINA issued its policy of insurance numbered FO-173883 to Brian and Marni as named insureds. The policy provided for Farmowners Liability Insurance, on a primary basis, for the effective period of December 15, 2010 to December 15, 2011. A certified true and correct copy of the policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING LITIGATION

9.     The underlying plaintiff has filed an action for damages for wrongful death against Brian, Marni and Liquid in the Circuit Court of the 8th Judicial Circuit, Pike County, Illinois, under Cause No. 13 L 3. A true and correct copy of the Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

10.     The underlying plaintiff seeks damages from Brian, Marni and Liquid for wrongful death and other claims in connection with their operation of premises known as The Old Tate Cheese Factory, a property owned by Brian and Marni, who among other things,

were allegedly negligent in connection with the property, all of which more fully appears in Pleading Exhibit B attached hereto.

**TENDER OF DEFENSE**

11.     Brian and Marni have made a demand on IINA to provide them with a defense for the action filed by the underlying plaintiff. IINA has accepted that tender subject to reservation for the reasons herein stated.

12.     Liquid has made a demand on IINA to provide it with a defense for the action filed by the underlying plaintiff.  IINA has refused that tender for the reason that Liquid is not an insured on the policy issued to Brian and Marni.

**COUNT I**
**(DECLARATORY JUDGMENT RE: NO DUTY DEFEND**
**BRIAN AND MARNI)**

13.     IINA adopts and repeats the allegations of ¶¶ 1 through 11 as and for ¶ 13 hereof as though the same were fully set forth herein.

14.     While the IINA policy, Pleading Exhibit A, extends coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "bodily injury" or "property damage" as those terms are defined.

15.     While the IINA policy, Pleading Exhibit A, extends coverage for "personal and advertising injury" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "personal and advertising injury" as those terms are defined.

16.     IINA contends that Brian and Marni are not entitled to any coverage under the policy because of one or more or all of the following reasons:

(a)     The Complaint does not seek damages because of covered "bodily injury" as defined;

(b)     The Complaint does not seek damages because of covered "personal and advertising injury" to which the policy applies;

(c)     The Complaint alleges an occurrence at a location owned by Brian and Marni but not scheduled on the policy, hence by Exclusion l. there is no coverage as the accident did not occur on an "insured location;"

(d)     The location of the February 7, 2011 accident was added to the policy as a covered location on March 4, 2011 when requested by Brian and Marni.

17.     The above contentions of IINA are, on information and belief, denied by Brian and Marni who, in turn, contend that they are entitled to coverage under the IINA policy of insurance.  IINA, in turn, denies the contrary contentions of Brian and Marni and each of them.

18.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND LIQUID)

19.     IINA adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 19 hereof as though the same were fully set forth herein.

20.     While the IINA policy, Pleading Exhibit B, extends coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "bodily injury" or "property damage" as those terms are defined.

21.     IINA contends that Liquid is not entitled to any coverage under the policy because of all of the reasons stated in ¶16 which IINA incorporates by reference and for the reason that Liquid is not an insured under policy FO-173883 by definition or endorsement.

22.     The above contentions of IINA are, on information and belief, denied by Liquid which, in turn, contends that it is entitled to coverage under the IINA policy of insurance.  IINA in turn, denies the contrary contentions of Liquid and each of them.

23.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (REIMBURSEMENT OF DEFENSE COSTS)

24.     IINA adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 24 hereof as though the same were fully set forth herein.

25.     For the foregoing reasons, IINA owes no defense to Brian and Marni (collectively "the Insureds") for the action brought by the underlying plaintiff.

26.     IINA is defending the Insureds pursuant to a reservation of rights.

27.     In its reservation of rights letter, IINA advised the Insureds that IINA specifically reserved its right to seek reimbursement of all defense costs and expenses, including attorneys fees, paid on behalf of the Insureds with respect to the litigation brought by the underlying plaintiff, pursuant to the endorsement to the policy which permits reimbursement of defense costs.

28.     In the event that IINA has no duty to defend the Insureds, then IINA is entitled to reimbursement from the Insureds of the defense costs and attorneys fees and other costs incurred on their behalf by IINA in order to avoid an unjust enrichment and pursuant to their contractual agreement.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Indemnity Insurance Company of North America, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

**AS TO COUNT I:**

A.    That Indemnity Insurance Company of North America has no duty or obligation to provide a defense to Brian R. Bradshaw and Marni Bradshaw for the action filed in the Circuit Court of the 8th Judicial Circuit, Pike County, Illinois, under Cause No. 13 L 3, under its policy of insurance numbered FO-173883.

B.    That the Court grant Indemnity Insurance Company of North America such other and further relief as the Court deems fit and just under the circumstances.

C.    That Indemnity Insurance Company of North America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT II:**

A.    That Indemnity Insurance Company of North America has no duty or obligation to provide a defense to Liquid Gold Applicators, LLC for the action filed in the Circuit Court of the 8th Judicial Circuit, Pike County, Illinois, under Cause No.13 L 3, under its policy of insurance numbered FO-173883.

B.      That the Court grant Indemnity Insurance Company of North America such other and further relief as the Court deems fit and just under the circumstances.

C.      That Indemnity Insurance Company of North America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT III:**

A.      That Indemnity Insurance Company of North America have a judgment entered in its favor and against Brian R. Bradshaw and Marni Bradshaw for the amount of defense costs and expenses incurred by Indemnity Insurance Company of North America on their behalf in connection with Cause No. 13 L 3 in the Circuit Court of the 8th Judicial Circuit, Pike County, Illinois.

B.      That the Court find and declare that Brian R. Bradshaw and Marni Bradshaw must reimburse Indemnity Insurance Company of North America for all defense costs and other expenses incurred on their behalf in connection with Cause No. 13 L 3.

C.      That the Court grant Indemnity Insurance Company of North America such other and further relief as it deems fit and proper under the circumstances.

D.    That Indemnity Insurance Company of North America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

**/s/ Robert Marc Chemers**

Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone:    (312) 578-7548
Fax:    (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com
***Attorneys for Plaintiff***