**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:13-cv-03065-SEM-BGC |
| BRIAN R. BRADSHAW, MARNI BRADSHAW, LIQUID GOLD APPLICATORS, LLC, an Illinois limited liability company, and MARC RUMPLE, as Administrator of the Estate of ERIC RUMPLE, Deceased, | ) ) ) ) ) ) ) ) | **DEFENDANTS DEMAND TRIAL BY JURY** |
| Defendants. | ) ) | |

**DEFENDANTS BRIAN R. BRADSHAW, MARNI BRADSHAW, AND LIQUID GOLD APPLICATORS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF AND AFFIRMATIVE DEFENSE**

**NOW COME** Defendants, BRIAN R. BRADSHAW, MARNI BRADSHAW, and LIQUID GOLD APPLICATORS, LLC, an Illinois limited liability company, (herein collectively referred to as "Defendants") by and through their attorneys, Brown, Hay & Stephens, LLP, Tom Schanzle-Haskins and Charles Y. Davis, and as and for their Answer to Plaintiff's Complaint for Declaratory Judgment and Other Relief and Affirmative Defense, hereby state as follows:

**JURISDICTION**

1. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage and reimbursement of defense costs.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 1, and, therefore, deny those allegations.**

### VENUE

2.     Venue is premised upon 28 U.S.C. §1391 as the Defendants are resident of this District.

**ANSWER: Defendants admit the allegations contained in paragraph 2.**

### THE PARTIES

3.     Indemnity Insurance Company of North America (hereinafter "IINA") is an insurance corporation organized under the laws of the State of New York, which maintains its principal place of business in Philadelphia, Pennsylvania, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

**ANSWER: Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 3, and, therefore, deny those allegations.**

4.     Brian R. Bradshaw (hereinafter "Brian") is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

**ANSWER: Defendants admit that Brian is a citizen of the State of Illinois, but denies the remaining allegations of paragraph 4.**

5.     Marni Bradshaw incorrectly sued as Marina Bradshaw (hereinafter "Marni") is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

**ANSWER: Defendants admit the allegations contained in paragraph 5.**

6.     Liquid Gold Applicators, LLC (hereinafter "Liquid") is an Illinois limited liability company, which maintains its principal place of business in New Salem, Illinois. Brian is the member of Liquid.

**ANSWER:** Defendants admit that Liquid Gold Applicators, LLC is an Illinois limited liability company ("Liquid Gold"). Defendants deny that Liquid Gold maintains its principal place of business in New Salem, Illinois. Defendants admit the remaining allegations contained in paragraph 6.

7.     Marc Rumple as the Administrator of the Estate of Eric Rumple, Deceased (hereinafter "the underlying plaintiff") is the plaintiff in a certain action brought against Brian, Marni and Liquid (and others) in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. IINA seeks no relief from the underlying plaintiff, who has been joined herein as a nominal party defendant solely in order to be bound by the judgment rendered in this cause. The underlying plaintiff is a resident of Pittsfield, Illinois and citizen of the State of Illinois, as was his decedent.

**ANSWER:** Defendants admit that Marc Rumple is the Administrator of the Estate of Eric Rumple who is the plaintiff in an action brought against the individuals alleged in the complaint in another court, and responds that the remaining allegations contained in paragraph 7 are legal conclusions which require no answer, but, insofar as the allegations contain factual matters, Defendants are without sufficient information to either admit or deny those allegations and, therefore, deny those allegations.

### THE IINA POLICY

8.     IINA issued its policy of insurance numbered FO-173883 to Brian and Marni as named insureds. The policy provided for Farmowners Liability Insurance, on a primary basis, for the effective period of December 15, 2010 to December 15, 2011. A certified true and correct copy of the policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

**ANSWER:  Defendants admit the allegations contained in paragraph 8.**

## THE UNDERLYING LITIGATION

9.      The underlying plaintiff has filed an action for damages for wrongful death against Brian, Marni and Liquid in the Circuit Court of the 8th Judicial Circuit, Pike County, Illinois, under Cause No. 13 L 3.  A true and correct copy of the Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

**ANSWER:  Defendants admit the allegations contained in paragraph 9.**

10.      The underlying plaintiff seeks damages from Brian, Marni and Liquid for wrongful death and other claims in connection with their operation of premises known as The Old Tate Cheese Factory, a property owned by Brian and Marni, who among other things, were allegedly negligent in connection with the property, all of which more fully appears in Pleading Exhibit B attached hereto.

**ANSWER:  Defendants admit the allegations contained in paragraph 10.**

## TENDER OF DEFENSE

11.      Brian and Marni have made a demand on IINA to provide them with a defense for the action filed by the underlying plaintiff.  IINA has accepted that tender subject to reservation for the reasons herein stated.

**ANSWER:  Defendants admit the allegations that Brian and Marni have made a demand on IINA to provide them with a defense for this action filed by the underlying plaintiff.  Defendants deny the remaining allegations contained in paragraph 11, as they are without sufficient information to either admit or deny those allegations, and, therefore, deny those allegations.**

12.     Liquid has made a demand on IINA to provide it with a defense for the action filed by the underlying plaintiff. IINA has refused that tender for the reason that Liquid is not an insured on the policy issued to Brian and Marni.

**ANSWER: Defendants admit the allegations contained in the first sentence of paragraph 12. Defendants have insufficient information to either admit or deny the remaining allegations in paragraph 12, and, therefore, deny those allegations.**

### COUNT I
### (Declaratory Judgment Re: No Duty Defend Brian and Marni)

13.     IINA adopts and repeats the allegations of ¶¶ 1 through 11 as and for ¶ 13 hereof as though the same were fully set forth herein.

**ANSWER: Defendants adopt and repeat their answers to paragraphs 1 through 11 above, as and for their answers to paragraph 13 of this Count I.**

14.     While the IINA policy, Pleading Exhibit A, extends coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "bodily injury" or "property damage" as those terms are defined.

**ANSWER: Defendants deny the allegations contained in paragraph 14.**

15.     While the IINA policy, Pleading Exhibit A, extends coverage for "personal and advertising injury" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "personal and advertising injury" as those terms are defined.

**ANSWER: Defendants deny the allegations contained in paragraph 15.**

16.     IINA contends that Brian and Marni are not entitled to any coverage under the policy because of one or more or all of the following reasons:

(a)     The Complaint does not seek damages because of covered "bodily injury" as defined;

(b)    The Complaint does not seek damages because of covered "personal and advertising injury" to which the policy applies;

(c)    The Complaint alleges an occurrence at a location owend by Brian and Marni but not scheduled on the policy, hence by Exclusion 1. there is no coverage as the accident did not occur on an "insured location;"

(d)    The location of the February 7, 2011 accident was added to  the policy as a covered location on March 4, 2011 when requested by Brian and Marni.

**ANSWER:  Defendants deny the allegations contained in the first sentence of paragraph 16.  Defendants deny the allegations contained in paragraphs 16 (a), 16 (b), and 16 (c).  Defendants admit the allegations contained in paragraph 16 (d), but further answer that the addition of a covered location on March 4, 2011, when requested, does not defeat the Defendants' claims of coverage as, under the definitions contained in the policy, the location of the accident was a covered location at the time of the accident.**

17.    The above contentions of IINA are, on information and belief, denied by Brian and Marni who, in turn, contend that they are entitled to coverage under the IINA policy of insurance.  IINA, in turn, denies the contrary contentions of Brian and Marni and each of them.

**ANSWER:  Defendants admit the allegations contained in paragraph 17.**

18.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**ANSWER:  Defendants assert that the allegations contained in paragraph 18 are legal conclusions which require no answer, insofar as factual allegations are contained in paragraph 18, Defendants deny those allegations.**

### COUNT II
### (Declaratory Judgment Re: No Duty to Defend Liquid)

19.     IINA adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 19 hereof as though the same were fully set forth herein.

**ANSWER:  Defendants adopt and repeat their answers to paragraphs 1 through 12 above, as and for their answers to paragraph 19 of this Count II.**

20.     While the IINA policy, Pleading Exhibit B, extends coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "bodily injury" or "property damage" as those terms are defined.

**ANSWER:  Defendants deny the allegations contained in paragraph 20.**

21.     IINA contends that Liquid is not entitled to any coverage under the policy because of all of the reasons stated in ¶ 16 which IINA incorporates by reference and for the reason that Liquid is not an insured under policy FO-173883 by definition or endorsement.

**ANSWER:  Defendants admit the allegations contained in paragraph 21.**

22.     The above contentions of IINA are, on information and belief, denied by Liquid which, in turn, contends that it is entitled to coverage under the IINA policy of insurance.  IINA in turn, denies the contrary contentions of Liquid and each of them.

**ANSWER:  Defendants admit the allegations contained in paragraph 22.**

23.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to

declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**ANSWER:  Defendants respond that the allegations contained in paragraph 23 are legal conclusions which require no answer, insofar as factual allegations are contained in paragraph 23, Defendants deny those allegations.**

**COUNT III**
**(Reimbursement of Defense Costs)**

24.      IINA adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 24 hereof as though the same were fully set forth herein.

**ANSWER:  Defendants adopt and repeat their answers to paragraphs 1 through 18 above, as and for their answers to paragraph 24 of this Count III.**

25.      For the foregoing reasons, IINA owes no defense to Brian and Marni (collectively "the Insureds") for the action brought by the underlying plaintiff.

**ANSWER:  Defendants deny the allegations contained in paragraph 25.**

26.      IINA is defending the Insureds pursuant to a reservation of rights.

**ANSWER:  Defendants admit the allegations contained in paragraph 26.**

27.      In its reservation of rights letter, IINA advised the Insureds that IINA specifically reserved its right to seek reimbursement of all defense costs and expenses, including attorneys fees, paid on behalf of the Insureds with respect to the litigation brought by the underlying plaintiff, pursuant to the endorsement to the policy which permits reimbursement of defense costs.

**ANSWER:  Defendants admit the allegations contained in paragraph 27.**

28.     In the event that IINA has no duty to defend the Insureds, then IINA is entitled to reimbursement from the Insureds of the defense costs and attorneys fees and other costs incurred on their behalf by IINA in order to avoid an unjust enrichment and pursuant to their contractual agreement.

**ANSWER**:  **Defendants deny the allegations contained in paragraph 28.**

**WHEREFORE**, Defendants, BRIAN R. BRADSHAW, MARNI BRADSHAW, and LIQUID GOLD APPLICATORS, LLC, an Illinois limited liability company, respectfully request that this Court enter an Order denying that Plaintiff is entitled to any relief under Counts I, II, and III of the Complaint.

## AFFIRMATIVE DEFENSE

1.     The accident took place at an insured location as defined under paragraph 13(c) of the policy of insurance appearing on p. 65 of the policy filed as Exhibit A to the Complaint in this case.

**[Remainder of page intentionally left blank].**

**WHEREFORE**, Defendants, BRIAN R. BRADSHAW, MARNI BRADSHAW, and LIQUID GOLD APPLICATORS, LLC, an Illinois limited liability company, respectfully request that this Court deny all relief sought by the Plaintiff in this case, and enter judgment in favor of the Defendants in this case.

Respectfully submitted,

s/Tom Schanzle-Haskins
Tom Schanzle-Haskins
Registration Number 2473534
Charles Y. Davis
Registration Number 6286010
Attorneys for Brian Bradshaw,
Marni Bradshaw & Liquid Gold Applicators
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL 62705-2459
(217) 544-8491
Fax: (217) 544-9609
E-mail: ts-h@bhslaw.com
cdavis@bhslaw.com

## PROOF OF SERVICE

The undersigned attorney certifies that a copy of the foregoing instrument was electronically filed on April 30, 2013 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Richard D. Frazier
Metnick, Cherry, Frazier & Sabin, L.L.P.
Attorneys at Law
Myers Building, Suite 200
P.O. Box 198
Springfield, IL  62705
frazier@springfieldlawfirm.com

Robert M. Chemers
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL  60606
rchemers@pretzel-stouffer.com

s/Tom Schanzle-Haskins
Tom Schanzle-Haskins
Registration Number 2473534
Charles Y. Davis
Registration Number 6286010
Attorneys for Brian Bradshaw,
Marni Bradshaw & Liquid Gold Applicators
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
(217) 544-8491
Fax: (217) 544-9609
E-mail: ts-h@bhslaw.com
cdavis@bhslaw.com