IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| - vs - | ) ) | Civil No. 13-cv-03065-SEM-BGC |
| BRIAN R. BRADSHAW, MARINA BRADSHAW, LIQUID GOLD APPLICATORS, LLC, an Illinois limited liability company and MARC RUMPLE, as Administrator of the Estate of ERIC RUMPLE | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MARC RUMPLE, AS ADMINISTRATOR OF THE ESTATE OF ERIC RUMPLE, ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF AND AFFIRMATIVE DEFENSE**

Now comes, the Defendant, MARC RUMPLE, as Administrator of the Estate of ERIC RUMPLE, through METNICK, CHERRY, FRAZIER, & SABIN, L.L.P., and as and for his Answer to Plaintiff's Complaint for Declaratory Judgment and Other Relief and Affirmative Defense, states as follows:

**Jurisdiction**

1. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage and reimbursement of defense costs.

ANSWER: The Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 and therefore must deny said allegations.

## Venue

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of the this District.

ANSWER: Defendant admits the allegations contained in Paragraph 2.

## THE PARTIES

3. Indemnity Insurance Company of North America (hereinafter "IINA) is an insurance corporation organized under the laws of the State of New York, which maintains its principal place of business in Philadelphia, Pennsylvania, and which at all times herein was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

ANSWER: The Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 3 and therefore, must deny said allegations.

4. Brian Bradshaw(hereinafter "Brian") is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

ANSWER: The Defendant admits the allegations contained in Paragraph 4.

5. Marni Bradshaw incorrectly sued as Marina Bradshaw(hereinafter "Marni") is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

**ANSWER:** **The Defendant denies the allegation that Marni Bradshaw was incorrectly sued as Marina Bradshaw. Defendant admits the allegation that Marina Bradshaw is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.**

6. Liquid Gold Applicators, LLC (hereinafter "Liquid") is an Illinois limited liability company, which maintains its principal place of business in New Salem, Illinois. Brian is the member of Liquid.

**ANSWER:** **Defendant admits that Liquid Gold Applicators, LLC is an Illinois limited liability company. The Defendant is without sufficient information to admit or deny that Liquid maintains its principal place of business in New Salem, Illinois and therefore must deny this allegation. The Defendant admits that Brian is the member of Liquid.**

7. Marc Rumple as the Administrator of the Estate of Eric Rumple, Deceased, (hereinafter " the underlying plaintiff") is the plaintiff in a certain action brought against Brian, Marni, and Liquid (and others) in another Court, which action will be more fully described later herein, and who is a nominal but interested party to this declaratory judgment action. IINA seeks no relief from the underlying plaintiff, who has been joined herein as a nominal party defendant solely in order to be bound by the judgment rendered in this cause. The underlying plaintiff is a resident of Pittsfield, Illinois and citizen of the State of Illinois, as was his decedent.

**ANSWER:** **Defendant admits that Marc Rumple is the Administrator of the Estate of Eric Rumple who is the plaintiff in an action brought against the**

**individuals alleged in the complaint in another court. The Defendant is without sufficient information to admit or deny the allegations describing Marc Rumple as a "nominal but interested party" whom the Plaintiff seeks no relief from but joins solely for reasons for purposes of judgment as these are legal conclusions, therefore the Defendant must deny these allegations. The Defendant admits the remaining allegation which states that the underlying plaintiff is a resident of Pittsfield, Illinois and citizen of the State of Illinois, as was his decedent.**

## THE IINA POLICY

8. IINA issued its policy of insurance numbered FO-173883 to Brian and Marni as named insured. The policy provided fir Farmowners Liability Insurance, on a primary basis, for the effective period of December 15, 2010 to December 15, 2011. A certified true and correct copy of the policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

**ANSWER: The Defendant admits the allegations contained in Paragraph 8.**

## THE UNDERLYING LITIGATION

9. The underlying plaintiff has filed an action for damages for wrongful death against Brian, Marni and Liquid in the Circuit Court of the 8th Judicial Circuit, Pike County, Illinois, under Cause No. 13 L 3. A true and correct copy of the Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

**ANSWER: The Defendant admits the allegations contained in**

**Paragraph 9.**

10. The underlying plaintiff seeks damages from Brian, Marni and Liquid for wrongful death and other claims in connection with their operation of premises known as The Old Tate Cheese Factory, a property owned by Brian and Marni, who among other things, were allegedly negligent in connection with the property, all of which more fully appears in Pleading Exhibit B attached hereto.

**ANSWER: The Defendant admits the allegations contained in Paragraph 10.**

**TENDER OF DEFENSE**

11. Brian and Marni have made a demand on IINA to provide them with a defense for the action filed by the underlying plaintiff. IINA has accepted that tender subject to reservation for the reasons herein stated.

**ANSWER: The Defendant admits the allegation that Brian and Marina have made a demand on IINA to provide them with a defense for the action filed by the underlying plaintiff. The Defendant is without sufficient information to either admit or deny the remaining allegations and therefore, must deny those allegations.**

12. Liquid has made a demand on IINA to provide it with a defense for the action filed by the underlying plaintiff. IINA has refused that tender for the reason that Liquid is not an insured on the policy issued to Brian and Marni.

**ANSWER:** The Defendant admits the allegations contained in the first sentence of Paragraph 12. The Defendant is without sufficient information to either admit or deny the remaining allegations and therefore, must deny those allegations.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY DEFEND BRIAN AND MARNI)

13. IINA adopts and repeats the allegations of ¶¶ 1 through 11 as and for ¶13 hereof as though the same were fully set forth herein.

**ANSWER:** The Defendant adopts and repeats its answer to Paragraphs 1 through 11 above, as and for their answers to Paragraph 13 of this Count I.

14. While the IINA policy, Pleading Exhibit A, extends coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve the "bodily injury" or "property damage" as those terms are defined.

**ANSWER:** The Defendant denies the allegations contained in Paragraph 14.

15. While the IINA policy, Pleading Exhibit A, extends coverage for "personal and advertising injury" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "personal and advertising injury" as those terms are defined."

**ANSWER:** **The Defendant denies the allegations contained in Paragraph 15.**

16. IINA contends that Brian and Marni are not entitled to any coverage under the policy because of one or more or all of the following reasons:

   (a) The Complaint does not seek damages because of covered "bodily injury" as defined;

   (b) The Complaint does not seek damages because of covered "personal and advertising injury to which the policy applies";

   (c) The Complaint alleges an occurrence at a location owned by Brian and Marni but not scheduled on the policy, hence by Exclusion 1. there is no coverage as the accident did not occur on the "insured location;"

   (d) The location of the February 7, 2011 accident was added to the policy as a covered located on March 4, 2011 when requested by Brian and Marni

   **ANSWER: The Defendant denies the allegations contained in the first sentence and in subparagraphs (a)-(c). The Defendant is without sufficient information to either deny or admit the allegations contained in subparagraph (d) and therefore, must deny those allegations.**

17. The above contentions of IINA are, on information and belief, denied by Brian and Marni who, in turn, contend that they are entitled to coverage under the IINA

policy of insurance. IINA, in turn, denies the contrary contentions of Brian and Marni and each of them.

**ANSWER: The Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 17 and therefore, must deny those allegations.**

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**ANSWER: The Defendant asserts that the allegations in Paragraph 18 are legal conclusions and require no answer, insofar as factual allegations are contained in Paragraph 18, the Defendant denies those allegations.**

## COUNT II

### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND LIQUID)

19. IINA adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 19 hereof as though the same were fully set forth herein.

**ANSWER: The Defendant adopts and repeats its answer to paragraphs 1 through 12 above, as and for its answers to paragraphs 19 of this Count II.**

20. While the IINA policy, Pleading Exhibit B, extends coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "bodily injury" or "property damage" as those terms are defined.

**ANSWER: The Defendant denies the allegations contained in Paragraph 20.**

21. IINA contends that Liquid is not entitled to any coverage under the policy because of all of the reasons stated in ¶16 which IINA incorporates by reference and for the reason that Liquid is not an insured under policy FO-173883 by definition or endorsement.

**ANSWER: The Defendant denies the allegation contained in Paragraph 21.**

22. The above contentions of IINA are on information and belief, denied by Liquid, which, in turn, contends that it is entitled to coverage under the IINA policy of insurance. IINA in turn, denies the contrary contentions of Liquid and each of them.

**ANSWER: The Defendant admits the allegations contained Paragraph 22.**

23. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties

hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**ANSWER: The Defendant asserts that the allegations in Paragraph 23 are legal conclusions and require no answer, insofar as factual allegations are contained in Paragraph 23, the Defendant denies those allegations.**

## COUNT III
## (REIMBURSEMENT OF DEFENSE COSTS)

24. IINA adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶24 hereof as though the same were fully set forth herein.

**ANSWER: The Defendant adopts and repeats its answers to paragraphs 1 through 18 above, as and for their answers to paragraph 24 of this Count III.**

25. For the foregoing reasons, IINA owes no defense to Brian and Marni (collectively "the Insureds") for the action brought by the underlying plaintiff).

**ANSWER: The Defendant denies the allegations contained in Paragraph 25.**

26. IINA is defending the Insureds pursuant to a reservation of rights.

**ANSWER: The Defendant is without sufficient information to either admit or deny this allegation and therefore, must deny this allegation.**

27. In its reservation of rights letter, IINA advised the Insureds that IINA specifically reserved its right to seek reimbursement of all defense costs and expenses

including attorneys fees, paid on behalf of the Insureds with respect to the litigation brought by the underlying plaintiff, pursuant to the endorsement to the policy which permits reimbursement of defense costs.

**ANSWER:** **The Defendant is without sufficient information to either admit or deny these allegations and therefore, must deny these allegations.**

28. In the event that IINA has no duty to defend the Insureds, then IINA is entitled to reimbursement from the Insureds of the defense costs and attorneys fees and other costs incurred on their behalf by IINA in order to avoid an unjust enrichment and pursuant to their contractual agreement.

**ANSWER:** **The Defendant is without sufficient information to either admit or deny these allegations and therefore, must deny these allegations.**

WHEREFORE, DEFENDANT, MARC RUMPLE as Administrator of the Estate of ERIC RUMPLE, Deceased, respectfully requests that this Court enter an Order denying that the Plaintiff is entitled to any relief pursuant to Counts I, II and III of the Complaint.

## **AFFIRMATIVE DEFENSE**

1. The accident took place on an insured location as defined under paragraph 13(c) of the policy of insurance on p. 65 of the policy filed as Exhibit A to the Complaint in this case.

WHEREFORE, Defendant, MARC RUMPLE, as Administrator of the Estate of ERIC RUMPLE, Deceased, respectfully requests that this Court enter an Order denying the Plaintiff's Complaint for Declaratory Judgment and all other relief and enter judgment in favor of the Defendants in this case.

    Respectfully submitted,
MARC RUMPLE, as Administrator of the Estate of ERIC RUMPLE, Defendant

By:    /s/ Richard D. Frazier
       One of His Attorneys

Richard D. Frazier (6193113)
METNICK, CHERRY, FRAZIER & SABIN, L.L.P.
Attorneys at Law
Suite 200 Myers Building
P.O. Box 198
Springfield, IL 62705-0198
(217)753-4242

## CERTIFICATE OF SERVICE

   I hereby certify that on May 10, 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Charles Davis
      Robert Marc Chemers
      Thomas Schanzle-Haskins

                /s/ Richard D. Frazier