# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 13-CV-3065** |
| | ) | |
| BRIAN R. BRADSHAW, MARNI | ) | |
| BRADSHAW, LIQUID GOLD | ) | |
| APPLICATORS, LLC, an Illinois | ) | |
| limited liability company, and MARC | ) | |
| RUMPLE, as Administrator of the Estate | ) | |
| of Eric Rumple, Deceased, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

On March 7, 2013, Plaintiff, Indemnity Insurance Company of North America, filed its

Complaint (#1) against Defendants, Brian R. Bradshaw, Marni Bradshaw, Liquid Gold

Applicators, LLC, and Marc Rumple, asking this court to enter judgment declaring that it did not

have a duty to defend Defendants in a Pike County, Illinois case. On April 24, 2014 Plaintiff

filed a Motion for Summary Judgment (#37). Defendants filed their Response (#43) on May 19,

2014, and Plaintiff filed a Reply (#44) on June 2, 2014. Defendants filed their own Motion for

Summary Judgment (#39) on April 25, 2014. Plaintiff filed its Response (#41) on May 19, 2014,

and Defendants filed a Reply (#45) on June 2, 2014. After a careful and through review of the

arguments and documents submitted by the parties, this court concludes that both Motions for

Summary Judgment (#37) and (#39) should be DENIED.

## BACKGROUND

Defendants Brian Bradshaw and Marni Bradshaw (Bradshaws) operate a farm in rural

Pike County, Illinois.  The farming operations generally consist of planting and harvesting corn and soybeans, as well as raising livestock.  The operation is primarily carried out at three locations which consist of approximately 500 acres of tillable farm land.  A fourth location, the Old Tate Cheese Factory, is located approximately five miles from the farm land.  The Old Tate Cheese Factory was purchased by the Bradshaws in 2010.

On November 12, 2008, the Bradshaws, through the Mid State Insurance Agency, applied for an Agribusiness Farm Policy from Plaintiff.  The application sought the inclusion of three scheduled premises.  Those locations represented the 500 acres of tillable farm land owned by the Bradshaws.  At the time of the application, the Bradshaws did not yet own the Old Tate Cheese Factory.  The insurance policy was to be renewed annually for three years.  Pursuant to that schedule, a policy was in place from December 15, 2010 through December 15, 2011.  The policy in place for that period did not list the Old Tate Cheese Factory as a scheduled premises.

On February 7, 2011, an accident occurred at the Old Tate Cheese Factory location.  The son of a farm employee, who was accompanying his father to work that day, was killed when an overhead door to one of the buildings came down on him.  Following the accident, a lawsuit against the Bradshaws and Liquid Gold Applicators, LLC (Liquid Gold)[1] was filed in Pike County, Illinois.  The suit alleged negligence and wrongful death.  After the suit was filed, the Bradshaws and Liquid Gold made a demand that Plaintiff provide them with a defense pursuant to the terms of the farm insurance policy.  Plaintiff then filed its Complaint (#1) with this court,

---

[1]Liquid Gold is an Illinois limited liability company, of which Brian Bradshaw is the sole member.  It is an entity that operates to collect and transport hog manure for land application to farm ground as fertilizer.  As discussed below, Liquid Gold was not party to the insurance contract between Plaintiff and the Bradshaws.

seeking a judgment declaring that they do not have a duty to defend the Bradshaws or Liquid Gold in the Pike County litigation.

The Old Tate Cheese Factory

a. Ownership / Policy

Prior to the Bradshaws' purchase of the Old Tate Cheese Factory, the location was owned by Valley Forge Ahead, LLC (Valley Forge). Brian Bradshaw was a member of Valley Forge, and used the property to store farm equipment which was utilized on the Bradshaws' farm. The location was also used to store equipment for farms owned by the Bradshaws' relatives. Valley Forge maintained an insurance policy on the Old Tate Cheese Factory, but cancelled the policy upon the dissolution of the LLC. After their purchase of the property, the Bradshaws did not place an insurance policy on the Old Tate Cheese Factory. Defendants argue that the Bradshaws' failure to obtain a policy was due to their belief that their farm policy with Plaintiff covered the location. Plaintiff argues that the Bradshaws did not get a policy because they purchased the property for a small amount and did not want to get insurance.

Despite the fact that the Old Tate Cheese Factory was not originally listed on the Bradshaws' farm policy, it was added on March 11, 2011, a little over one month after the accident. The property was added after Brian Bradshaw called the Mid State Insurance Agency to determine whether the Bradshaws were covered for the accident. Glen Cooley, an agent at Mid State, informed Brian that he thought the policy covered the Old Tate Cheese Factory, but requested that the location be added to the policy to be sure.

b. Use

Defendants claim that, at the time of the accident, the Old Tate Cheese Factory was used

3

to store, maintain, and repair farm equipment that was utilized to plant and harvest corn and soybeans and to perform other farm tasks on the Bradshaws' farm. Defendants further claim that the property was used as a storage location for seed corn and seed soybeans, dyed agricultural fuel, and spare parts prior to their use on the farm.

Plaintiff disputes those facts, and argues that the Old Tate Cheese Factory, which was five miles from the farm, was not used in conjunction with the farm. Still, Plaintiff does not dispute that the location was used as a storage facility for some farming equipment utilized at the Bradshaws' farm. However, Plaintiff points out that the location continued to be used as a storage facility for farms owned by the Bradshaws' relatives. As such, Plaintiff maintains that the property was utilized in the exact same manner, at the time of the accident, as it was when Valley Forge owned the premises.

The Policy

The insurance policy includes multiple coverage areas. Section I, Coverage H, entitled "Bodily Injury and Property Damage Liability" states that Plaintiff:

> "will pay those sums that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the 'insured' against any 'suit' seeking those damages. However, we will have no duty to defend the 'insured' against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

Section I, Coverage H goes on to state that:

> "This insurance applies to 'bodily injury' and 'property damage' only if:

(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence';

(2) The 'bodily injury' or 'property damage' occurs during the policy period; and

(3) Prior to the policy period, no 'insured' listed under Paragraph a. of Definition 11. 'Insured' and no employee authorised by you to give or receive notice of an 'occurrence' or claim, knew that the 'bodily injury' or property damage' had occurred, in whole or in part."

The policy offers a number of exclusions, including:

"'Bodily injury' or 'property damage' arising out of:

(1) An act or omission in connection with any location (other than an 'insured location') that is rented to, or owned or controlled by the 'insured'.

The only exceptions to this exclusion are in 'occurrences' of 'bodily injury' or 'property damage' sustained by a 'residence employee' arising out of and in the course of employment by the 'insured'.

The policy defines "bodily injury" as:

"bodily injury, sickness or disease sustained by a person, and includes death resulting from any of these at any time."

"Occurrence" is defined as:

"An accident, including continuous or repeated exposure to substantially the same general  harmful conditions."

The policy states that an "insured location" means:

a. The farm premises (including grounds and private approaches) and 'residence premises' shown in the Declarations;

b. The part of other premises, or of other structures and grounds, that is used by you as a residence and:

    (1) Shown in the Declarations; or

    (2) Acquired by you during the present annual policy period for your use as a residence;

c. Premises used by you in conjunction with the premises included in Paragraph a. or b. above[.]"

INSTANT MOTIONS

a. Plaintiff's Summary Judgment Motion

Plaintiff filed its Motion for Summary Judgment (#37) on April 24, 2014.  The motion argued that Plaintiff was entitled to summary judgment because the accident occurred at a premises excluded by the policy and not at an "insured location."  Specifically, Plaintiff argued that the Old Tate Cheese Factory was not listed on the schedule of locations at the time of the accident, therefore, it was not covered by the policy.

Defendants' Response (#43) argued that Plaintiff was not entitled to summary judgment because the unambiguous language of the policy mandated coverage.  Defendants pointed to Section I, Coverage H, which they claim allows coverage for the type of injury sustained by the decedent.  Defendants further argued that the Old Tate Cheese Factory was an "insured location."  To make this point, Defendants noted that the policy defined an insured location to not only be the farm premises, but also premises used "in conjunction with" the farm premises. Therefore, because the Bradshaws used the Old Tate Cheese Factory to store farm equipment, that location was used in conjunction with the farm premises.

Plaintiff's Reply (#44) stated that Defendants' argument "boils down to their claim that there is coverage because of their assertion that the Cheese Factory was used in conjunction with the premises that were actually listed on the [] policy when [the decedent] was killed." Plaintiff went on to argue that the Old Tate Cheese Factory was not used in conjunction with the premises listed in the policy, and therefore, it was not an "insured location."

### b. Defendants' Summary Judgment Motion

The Bradshaws and Liquid Gold Applicators, LLC filed their own Motion for Summary Judgment (#39) on April 25, 2014. Attached to the motion were affidavits which included alleged facts regarding the use of the Old Tate Cheese Factory.[2] On May 1, 2014, Defendant Marc Rumple filed a Motion (#40) to Adopt. This court grants Defendant Rumple's Motion (#40).

Defendants' Motion for Summary Judgment (#39), as well as the Response (#41) and Reply (#45), basically restate the arguments advanced by the parties with respect to Plaintiff's Motion for Summary Judgment (#37). The pleadings make it clear that the only relevant issue the parties disagreed on was whether the Old Tate Cheese Factory was used in conjunction with the farm property.

---

[2]In its Response (#41) Plaintiff asks that the affidavits be stricken. Plaintiff may be correct that the affidavits are not proper. See *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 978 (7th Cir. 2000) (there is no reason to depart from the presumption that an affidavit submitted in attempt to bolster a previous deposition is not entitled to consideration at summary judgment). However, because they are attached to Defendants' Motion for Summary Judgment, this court has not taken the facts as true. See *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010) (at summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party). Therefore, this court has not considered the alleged facts in the affidavits and finds that a request to strike the affidavits is moot.

ANALYSIS

Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

Coverage

In order to determine whether either party is entitled to summary judgment, the undisputed facts must establish that the policy either covers or does not cover an accident occurring at the Old Tate Cheese Factory. In order to make that determination, this court must start with a review of the insurance policy itself.

When construing the language of the policy, this court must ascertain and give effect to the intentions of the parties. *McKinney v. Allstate Ins. Co.*, 722 N.E.2d 1125, 1127 (Ill. 1999). Illinois law recognizes the principle that the plain language in a contract is the best evidence of the intent of the parties at the time the contract is entered into. See *Gallagher v. Lenart*, 874 N.E.2d 43 (Ill. 2007). Where contractual language is clear and unambiguous, it must be given its plain and ordinary meaning. *McKinney*, 722 N.E.2d at 1127. Ambiguity exists when the terms

in the contract are susceptible to more than one meaning.  *Id.*  If a term is ambiguous, it will be construed strictly against the insurer that drafted the policy.  *Berrey v. Travelers Indem. Co. Of Am.*, 687 N.E.2d 72, 75 (Ill. 1997).  However, courts will not strain to find ambiguity in an insurance policy where none exists.  *McKinney*, 722 N.E.2d at 1127.

Initially, this court notes that the insurance policy was entered into by the Bradshaws and Plaintiff.  Liquid Gold was not a party to the policy and the policy does not include any mention of Liquid Gold.  Therefore, it is evident that Liquid Gold is not covered by the policy, and this court's review will be limited to the question of whether the policy mandates Plaintiff defend the Bradshaws in the Pike County litigation.

After a review of the arguments and the insurance policy, it appears that the relevant portion of the policy regarding coverage in this case is found in Section I, Coverage H.  That section provides that Plaintiff "will pay those sums that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies[,]" and that Plaintiff "will have the right and duty to defend the 'insured' against any 'suit' seeking those damages."  Bodily injury is defined by the policy as, "body injury, sickness or disease sustained by a person, and includes death resulting from any of these at any time."  The plain language of Section I, Coverage H as well as the definition of bodily injury appears to indicate that Plaintiff has a duty to defend based on the type of injury sustained by the decedent.

However, as Plaintiff points out, there is a potential exclusion which would bar coverage.  The policy states that Plaintiff is only obligated to defend if the injury occurred at an"insured location."  The Policy defines insured location as:

"a. The farm premises (including grounds and private approaches) and 'residence

premises' shown in the Declarations;

b. The part of other premises, or of other structures and grounds, that is used by you as a

residence and:

(1) Shown in the Declarations; or

(2) Acquired by you during the present annual policy period for your use as a

residence;

c. Premises used by you in conjunction with the premises included in Paragraph a. or b.

above[.]"

The parties do not dispute the fact that the injury occurred at the Old Tate Cheese

Factory.  The parties further agree that the Old Tate Cheese Factory was not listed as a scheduled

property on the insurance policy at the time of the accident.  Therefore, the question of whether

summary judgment is appropriate for either party turns on whether the undisputed facts show

that the Old Tate Cheese Factory was used in conjunction with the farm premises listed in the

insurance policy.

The only fact that is not disputed regarding the use of the Old Tate Cheese Factory is that

the Bradshaws stored some farm equipment there at the time of the accident.  The parties dispute

multiple facts about exactly what was stored at the location and how the location was used with

respect to the Bradshaws farming operation.  This court does not believe that it can conclude,

based on the single fact that some equipment was stored on the property, whether the property, at

the time of the accident, was used in conjunction with the Bradshaws' farm.  Therefore, this

court finds that the pleadings present a genuine issue of material fact, and summary judgment is

not warranted.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Marc Rumple's Motion to Adopt (#40) is GRANTED.

(2) Plaintiff's Motion for Summary Judgment (#37) is DENIED.

(3) Defendants' Motion for Summary Judgment (#39) is DENIED.

ENTERED this 23rd day of June, 2014

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE